BRENDA KAY FORD

*v.*

RUTH SCHRADER AND CARL SCHRADER

(No. 15045)

Decided March 31, 1981.

*Richardson & Richardson and William B. Richardson* for appellants.

*Marvin A. Goldstein* for appellee.

PER CURIAM:

On July 15, 1980, the appellee in this proceeding, Brenda Kay Ford, filed a habeas corpus petition in the Circuit Court of Wood County praying that the appellants, Ruth and Carl Schrader, be required to return to her actual custody of her six-year old son. Although the Schraders filed an answer challenging Mrs. Ford's right to custody, the trial court, without conducting a hearing, summarily issued the writ and ordered that the Schraders return the child to Mrs. Ford. In this appeal the Schraders claim that

the trial court erred in summarily issuing the writ and in denying them the opportunity to be heard on the issues in the case. We agree; we reverse the order of the circuit court; and we remand the case with directions that the court afford the Schraders an opportunity to be heard.

In the petition instituting this proceeding, Mrs. Ford alleged that she was awarded legal custody of her infant son in a divorce decree entered by the Circuit Court of Wood County on November 8, 1979. She further alleged that after entry of the decree she left her son with Mrs. Schrader, who had begged that she be allowed to visit with the child.

In response to Mrs. Ford's petition that they be required to return the child, the Schraders filed an answer in which they asserted that Mrs. Ford had abandoned the child in 1976, that she was an unfit mother and that they had had actual custody of the boy since 1976.

We do not address the merits of the suit since the only issue before us is whether the trial court erred in entering an order granting custody to the mother based solely on her petition and the answer of the Schraders. In *State ex rel. Neider v. Reuff*, 29 W.Va. 751, 2 S.E. 801 (1887), we reversed a habeas corpus order which was based "on the petition and return alone." *Id.* at 763, 2 S.E. at 807.

We noted that our habeas corpus statute, the counterpart to our present *W.Va. Code*, 53-4-7, requires the judge "to hear the 'matter both upon the return and any other evidence.' " In *Neider* we indicated that judgment based on the pleadings in a habeas corpus proceeding should not be done unless "the condition of the pleadings will permit the same to be done without injury to the opposite party . . . ." *Id.* at 764, 2 S.E. at 807.

In the present case, the factual issues presented by the respondents' answer were such that the court should not have summarily entered judgment without a further hearing. *See, Whiteman v. Robinson*, 145 W.Va. 685, 116 S.E.2d 691 (1960).

For this reason the judgment of the Circuit Court of Wood County is reversed and the case is remanded for further proceedings.

*Reversed and remanded.*